THOMAS F. McNamara, Plaintiff, v. The City of Rochester, Defendant.

Supreme Court, Monroe County, January 7, 1925.

**Municipal corporations — action to declare void and cancel of record tax lien predicated on expenses occasioned by demolition of plaintiff's building by city of Rochester — city, pursuant to Rochester city charter (Laws of 1907, chap. 755), § 188, subd. 4, and Building Code of city of Rochester, art. 2, § 19, summarily demolished building as unsafe — city was without power to remove building summarily — tax assessed against plaintiff invalid and set aside and lien discharged.**

judgment will be granted declaring invalid, setting aside, and discharging of record a tax lien assessed against plaintiff's property by reason of the expenses occasioned by the demolition of plaintiff's building by the city of Rochester, for the assessment was invalid and unwarranted since the city, pursuant to subdivision 4 of section 188 of the Rochester city charter (Laws of 1907, chap. 755) and section 19 of article 2 of the building code of the city of Rochester, summarily demolished the building as unsafe and dangerous without charging the plaintiff with the responsibility for its condition or requiring or giving him an opportunity to raze the building himself.

Moreover, the city was without power to order the summary removal of the building since subdivision 4 of section 188 of the Rochester city charter, under which the city officials presumed to act, requires the service of a written order

only after the property owner fails to obey a lawful direction of the municipalit
Nor does section 19 of article 2 of the building code of the city of Rochest
apply since it fails to provide that the expenses attendant on the city's demoliti
of a building under its terms shall be assessable as a tax.

Action to declare void and cancel the record of a tax lien.

*Timothy J. Nighan* and *Eugene Van Voorhis*, for the plaintiff.

*Clarence M. Platt* and *George B. Draper*, for the defendant.

Thompson, J.:

The city served notice on the plaintiff that his building locate
" at the northwest corner of Exchange street on the lands of t
abandoned Erie Canal, is held by the undersigned [Commission
of Public Safety and Deputy Superintendent of Buildings (F
Marshal)], to be unsafe and especially dangerous and that t
undersigned will enter upon and take down the said building,"
the expense of the owner, forthwith. The notice also contained
direction that no person should thereafter enter, occupy or u
the building. Thereupon the city did enter upon and demoli
the building, and caused the total expense of the operation to
assessed as a tax against the property.

Plaintiff sues to have the lien of this tax canceled and set asid
It will be noted that the city did not proceed as if this buildi
was a nuisance, and that it did not charge the owner in any w
with responsibility for the unsafe and dangerous condition th
it held the building to be in; nor did it require plaintiff, or gi
him an opportunity, to raze the building himself. On the contra
he was expressly forbidden to enter it, and was notified that t
city itself would take it down. Plaintiff complains that the c
in the course which it has pursued, resulting in this tax lien, h
violated his constitutional rights in that he has been deprived
his property without due process of law, and that he has be
denied the equal protection of the law. The city claims to ha
acted by authority of certain sections of its charter and ordinanc
and contends that the provisions of the charter giving the plain
the right to appear before its common council on grievance d
and also to make his objections to the assessment to the board
assessors, adequately secured him in all of his constitutional rig?

A reading of subdivision 4 of section 188 of the Rochester c
charter (Laws of 1907, chap. 755), as added by Laws of 1912, ch
354, with section 19 of article 2 of the building code of the city
Rochester, leads me to the conclusion that the city is not posses
of the remedy which it has here sought to exercise. The char
provision applies only in cases of the failure of the property ow
to obey a lawful direction, written notice of which must first

rved.   In such case the expense that the city is put to, together ith ten per cent in addition, may be assessed as a tax and inserted  the roll against the real property concerned.   The ordinance only ovides authority for the summary taking down of a building  the city in a proper case at the expense of the owner or party terested.   Neither of these provisions refers or relates to the other. he ordinance, in failing to include a provision making the expense tendant upon the city's tearing away a building under its terms sessable as a tax, thereby excludes and withholds authority for ch a power.   In such case the city is relegated to its remedy in  action at law against the owner or party interested.   (*Hannibal  Richards*, 35 Mo. App. 15.)

A tax is not a lien unless by express authority of a statute clearly inifested in it.   It will neither be created by implication nor larged by construction.   (37 Cyc. 1138.)

In my view, plaintiff is entitled to his day in court upon the estions which he asserts he desires to be heard.   The complaint eges that the assessment includes improper items, having no ation to the work of destroying the building.   It also appears  submission that plaintiff claims the dangerous and unsafe con- ion of his building was caused by negligence of the city in its sting operations in the street upon which the building was ated, and that he not only desires to resist the payment of the proper items but the whole amount of this claim, and at the ne time to urge his claim for damages caused by the city and lting in the loss of his building.

 party cannot be deprived of his property without a judicial ring, and although the stage of proceedings at which that ring shall take place, and the manner in which the cause of a ty shall be brought before the judicial tribunal, are with the slative power, there must be an adequate and fair opportunity e heard before an impartial tribunal before a valid determination  be made.   Anything less than this is a denial of due process aw, and a failure to give plaintiff due protection of the law. ue process of law requires an orderly proceeding adapted to  nature of the case, in which the citizen has a right and an ortunity to be heard, and to defend and enforce his rights, by blishing any fact which, under the law, would be a protection im or to his property.   (12 C. J. 1224; 6 R. C. L. 451.)

hese so-called remedies are in no sense practical or reasonable he circumstances of this case.   They do not afford plaintiff a ring before an impartial tribunal, where he may contest the m set up against him, and be allowed to meet it on the law  facts.

" Due notice to a proprietor of a declared nuisance on hi premises must precede any charge for removal or abatement mad by the municipality. And he is entitled to a fair hearing an determination of the matters. And he may exonerate himself b showing either that the matter complained of is not a nuisanc that it was caused by the corporation itself, or that the expenditur was unnecessary." (28 Cyc. 757.)

A tax assessed upon an individual for the expenses of abatin a nuisance upon his land, which has been created by the wrongfu act of the city itself, is invalid. (*Smith* v. *City of Milwaukee,* 1 Wis. 63; *Weeks* v. *City of Milwaukee,* 10 id. 248.)

The prayer of the complaint is granted; the tax is declare invalid and is set aside, and the lien thereof is discharged, wit costs.